IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DANIKA MCLEAN,                      )
                                    )   2:11-cv-03039-GEB-EFB
          Plaintiff,                )
                                    )
     v.                             )   ORDER
                                    )
KATHLEEN SEBELIUS, Secretary of     )
Health and Human Services; and      )
DOES 1-25, inclusive,               )
                                    )
          Defendants.               )
_____    )
```

Defendant Kathleen Sebelius filed a motion to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion.

Defendant argues dismissal is proper under Rule 12(b)(1) since "this Court lacks subject matter jurisdiction over the action because McLean concedes that she failed to exhaust her administrative remedies." (Def.'s Mot. 3:11-12.) Plaintiff counters "that each of the prerequisite elements are met, as to the exhaustion requirement." (Pl.'s Opp'n 3:27-28.)

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations

1

contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Kimes v. Shinseki, No. 09-0853, 2011 WL 864481, at *4 (E.D. Cal. Mar. 10, 2011) (citing Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2001)).

"The exhaustion requirement [under 42 U.S.C. § 405(g)] . . . is not jurisdictional, and thus, is waivable by either the Secretary or the courts." Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993); see also Cassim v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987) ("The final decision of the Secretary contains two elements: (1) the jurisdictional non-waivable requirement of presentment of the claim for benefits (presentment); and (2) the waivable requirement of exhaustion of administrative remedies (exhaustion)."). The "failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b)(6) motion." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). Therefore, since exhaustion under § 405(g) is nonjurisdictional, Defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is DENIED.

Defendant also argues Plaintiff's amended complaint should be dismissed under Rule 12(b)(6), since "[t]he Amended Complaint fails to state a claim upon which relief may be granted because [it] provid[es] vague and skeletal factual allegations [and] it is devoid of any legal theory." (Def.'s Mot. 2:27-28.) Further, Defendant contends Plaintiff "fails to cite any rule, regulation, policy, case, common law doctrine, or statute that the Secretary has allegedly violated." Id. 3:5-7.

1  Plaintiff counters that she "seeks no other relief other than the
2  Court's finding that (1) further efforts at the administrative process
3  are both futile and impractical, and (2) that Medicare be directed to
4  reinstate [her] retroactively to the date of termination, upon tender of
5  retroactive payments." (Pl.'s Opp'n 3:12-15.) "Alternatively, Plaintiff
6  seeks leave of the Court to formally amend the complaint to allege each
7  of the elements that the Defendant asserts is lacking in the declaratory
8  relief action." Id. 6:22-24.

9  Decision on a Rule 12(b)(6) dismissal motion requires
10 determination "whether the complaint's factual allegations, together
11 with all reasonable inferences, state a plausible claim for relief."
12 Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th
13 Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937,
14 1949-50 (2009)). "A claim has facial plausibility when the plaintiff
15 pleads factual content that allows the court to draw the reasonable
16 inference that the defendant is liable for the misconduct alleged."
17 Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S.
18 544, 556 (2007)).

19 Here, Plaintiff alleges the following facts in support of her
20 declaratory relief claim:

> Plaintiff . . . alleges she was a Medicare recipient and responsible for payment of a portion of the expense of her benefits.
>
> Plaintiff . . . missed several payments when billings were misdirected to [an] incorrect address.

25 (Compl. ¶¶ 6-8.) However, these allegations are insufficient to state a
26 plausible claim for relief. Although Plaintiff's opposition brief
27 contains more information, "at the motion to dismiss phase, the court is
28 limited to reviewing the contents of the complaint and any documents

3

incorporated by reference." <u>Mitchel v. City of Santa Rosa</u>, No. 10-16570, 2011 WL 6807553, at *2 (9th Cir. Dec. 28, 2011). Therefore, Defendant's 12(b)(6) dismissal motion is GRANTED.

Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in her amended complaint. Plaintiff is warned that an order could issue dismissing her complaint with prejudice under Federal Rule of Civil Procedure 41(b) if she fails to file an amended complaint within the prescribed time period.

Dated:  March 2, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

4